**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **REBECCA TAYLOR** | **CIVIL ACTION** |
| **VERSUS** | **NO. 26-2170** |
| **DELAHOUSSAYE, ET AL.** | **SECTION: N** |

## ORDER

Before the Court is Plaintiff Rebecca Taylor's Motion for Temporary Restraining Order.[1] On September 24, 2026, Plaintiff filed a complaint, pro se, against current and former Louisiana Housing Corporation employees Kevin Delahoussaye, Tonika Jackson-Smart, and Donna Burnett alleging that Louisiana Housing Corporation had wrongfully terminated her emergency housing voucher and denied her portability request.[2] She seeks a temporary restraining order prohibiting defendants from recording or treating her housing benefits as terminated or omitting her dwelling from any list identifying emergency housing voucher dwelling units under lease as of September 30, 2026, for purposes of Public Law No. 119-103, § 153(b) or implementing guidance. The Court held a hearing on Taylor's motion on September 28, 2026, at which Taylor and counsel for Louisiana Housing Corporation presented argument. Defendants argued this Court does not possess jurisdiction to provide the injunctive relief requested in Taylor's motion on sovereign-immunity grounds, arguing defendants were acting in their official capacity as employees of

---

[1] Rec. Doc. 3.
[2] Rec. Doc. 1.

Louisiana Housing Corporation. Plaintiff Rebecca Taylor did not have a rebuttal to the jurisdictional argument.

State sovereign immunity, reflected in the Eleventh Amendment, protects states or "arm[s] of the state" from suit in federal court.[3] Unless a state has waived its sovereign immunity or Congress has abrogated it, federal courts do not have jurisdiction over suits against a state, state agency, or state official acting in its official capacity.[4] The law in this area "comport[s] with the common-sense notion that a plaintiff cannot avoid the sovereign immunity bar by suing a state agency or an arm of a State rather than the State itself."[5] "[R]elief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter."[6]

The *Ex Parte Young* doctrine, however, provides an exception that allows a plaintiff to sue a state actor in his official capacity when seeking injunctive relief to prevent an ongoing violation of federal law.[7] This exception recognizes that the state cannot "impart to the official immunity from responsibility to the supreme authority of the United States."[8] Thus, when deciding whether the *Ex Parte Young* doctrine applies, a court considers "whether the complaint alleges an ongoing violation of federal law" against a state official in his official capacity "and seeks relief properly characterized as prospective."[9]

---

[3] *Regents of the Univ. of California v. Doe*, 519 U.S. 425, 427 (1997) (citation modified).
[4] *Healthy Vision Ass'n v. Abbott*, 138 F.4th 385, 396 (5th Cir. 2025).
[5] *Richardson v. S. Univ.*, 118 F.3d 450, 452 (5th Cir. 1997).
[6] *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984) (citation modified).
[7] *Ex Parte Young*, 209 U.S. 123, 158-160 (1908).
[8] *See id*. at 167.
[9] *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002) (citation modified); *see also Healthy Vision Ass'n*, 138 F.4th at 396 (identifying criteria for suit against state official to proceed under *Ex Parte Young*).

The first question is whether the State of Louisiana has generally waived its right to sovereign immunity in federal court. It has not. Rather, Louisiana law provides that "[n]o suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court."[10]

The Court next determines whether the suit is against a state, arm of the state, or state official. Because Taylor's suit and current motion for a temporary restraining order seek declaratory and injunctive relief against Delahoussaye and Jackson-Smart in their capacities as officers of a state agency, it is functionally seeking relief against the state agency itself, which is entitled to sovereign immunity.[11]

The *Ex Parte Young* exception does not save Taylor's claims. "The *Ex Parte Young* doctrine does not permit 'a declaratory judgment that respondent violated federal law in the past.'"[12] Taylor's requested declaratory relief is "fundamentally retrospective because it does not relate to an ongoing violation of federal rights."[13] Instead, it seeks to remedy the termination of her emergency housing voucher, the denial of her portability request, and the failure to respond to her accommodation request in April 2026.[14] The same is true for the injunctive relief Taylor seeks. Rather than there being any ongoing violation, the request is to prohibit defendants from recording or treating her housing benefits as terminated or omitting her dwelling

---

[10] La. Rev. Stat. Ann. § 13:5106(A).
[11] The suit also alleges claims against Jackson-Smart and Burnett in their individual capacities. Those claims are not implicated by Taylor's motion for a temporary restraining order and thus are not addressed by the Court at this time.
[12] *Corn v. Mississippi Dep't of Pub. Safety*, 954 F.3d 268, 276 (5th Cir. 2020) (citation modified).
[13] *Id.* (citation modified).
[14] Rec. Doc. 1 at 28.

from any list identifying emergency housing voucher dwelling units under lease as of September 30, 2026, for purposes of Public Law No. 119-103, § 153(b) or implementing guidance, as well as to remedy Louisiana Housing Corporation's records to reflect Taylor's household, continue the discontinued payments, and process her portability move and accommodation request.

Accordingly,

**IT IS ORDERED** that the Motion for Temporary Restraining Order is **DENIED**.

**IT IS FURTHER ORDERED** that the official-capacity claims against Defendants Kevin Delahoussaye and Tonika Jackson-Smart are **DISMISSED WITHOUT PREJUDICE.**

New Orleans, Louisiana, this 29th day of September, 2026.

Anna St John

ANNA ST. JOHN
UNITED STATES DISTRICT JUDGE